■ AMERICAN AND AFRICAN TRADING CORPORATION, Appellant, v. ELIAS SAKA et al., Respondents.— Order entered on May 2, 1962, granting defendant-respondent's motion to dismiss for failure to prosecute, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion denied. For more than five years, plaintiff was unable to proceed with this action for fraudulent conspiracy because it could not locate, and serve, a codefendant, who was believed to be a necessary party, although not an indispensable party in the technical sense. The alleged conspiracy involved a successful devious scheme to substitute all but valueless goods for expensive electronic machinery in foreign export trade. Recently, one of the respondents was tried in a Federal court for tax evasion; only then did plaintiff learn that the missing codefendant was nonexistent, the name being only an alias of the respondent. Promptly, plaintiff sought to proceed with this action. Neither the fraud nor the recent discovery is in issue on this appeal. Thus, prosecution of the action was stalled, not through lack of diligence, but because defendants-respondents' alleged fraud, if true, deceived plaintiff into believing that a procedural defect would defeat the action. Although the alleged

fraud which grounds the action was discovered more than five years ago, and the cause of action may be said to have accrued then, an additional undiscovered element of the same fraudulent scheme constituted an effective bar against recovery. Indeed, in a practical sense then plaintiff only recently discovered a significant element in the fraud, namely, that the third conspirator was non-existent. In light of these unusual facts, arguably no principle of diligent prosecution is served by dismissing the action. Plaintiff is entitled to the benefit of any doubt in the circumstances. Moreover, respondents were given notice of the claim when the action was commenced and, since the nonexistent conspirator was named as a party, they were undoubtedly aware that their fraud was still partially successful. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.